UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 21-228 (DWF/ECW) |
| Plaintiff, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| Marques Dwell Armstrong, Jr., *also known as* Kease, | |
| Defendant. | |

## INTRODUCTION

Defendant Marques Dwell Armstrong, Jr., moves to suppress evidence obtained as a result of a search and seizure. (Doc. No. 25.) In a Report and Recommendation ("R&R"), Magistrate Judge Elizabeth Cowan Wright recommended that Armstrong's motion be granted. (Doc. No. 54.) The United States of America (the "Government") filed an objection to the R&R (Doc. No. 60), and Armstrong responded (Doc. No. 61). After an independent review of the record and objection, the Court adopts the R&R and grants Armstrong's motion to suppress.

## BACKGROUND

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The relevant factual and procedural background for the above-entitled matter is clearly and precisely set forth in the Magistrate Judge's R&R and is incorporated by reference.

In the R&R, the Magistrate Judge concluded that the search warrants—which did not indicate why Sergeant Johnson believed evidence would be found on the iPhones aside from the fact that the phones were found near Armstrong when he was arrested—failed to establish probable cause to believe that the iPhones contained evidence of Armstrong's firearm possession. The R&R further concluded that the search warrants were overbroad, as the warrants did not limit the search to evidence of a crime or list the particular crime that was allegedly committed. Lastly, the R&R concluded that the *Leon* good-faith exception did not apply because the Government failed to provide evidence of who conducted the search and what information they had at that time.

The Government objects to the R&R, arguing that the R&R failed to afford sufficient deference to the court-authorized search warrants. The Government further argues that the connection between the iPhones and Armstrong's firearm possession could be reasonably inferred based on common sense, given that people "readily use their cell phones to store information about items they possess." (Doc. No. 60 at 7.) Moreover, Sergeant Johnson included information in the Affidavits about Armstrong's prior conviction and active warrants, which the Government contends supports a probable cause finding.

The Government also asserts that the R&R incorrectly found that the *Leon* exception did not apply to the search warrants. The Government argues that the exception should apply because Sergeant Johnson drafted the Affidavits herself and was aware of the purpose and parameters of the investigation when she handed the warrants to the crime lab personnel. While Sergeant Johnson did not testify as to whether she

explained the scope of the investigation to the crime lab personnel or provided them with the Affidavits, the Government notes that the Magistrate Judge did not ask those questions during the June 29 motion hearing. The Government contends that a reasonable officer would have presumed the warrants to be valid. Thus, the *Leon* exception applies, and Armstrong's motion to suppress should be denied.

After a careful review of the Government's objections and *de novo* review of the record, the Court finds no reason to depart from the Magistrate Judge's conclusions. The Court agrees with the R&R that the Affidavits did not provide enough facts connecting the crime to the iPhones. As noted by the Government, the Affidavits provided that (1) Armstrong was convicted of a second-degree assault with a firearm charge in 2019; (2) Armstrong had two active warrants for his arrest; (3) a confidential informant indicated that Armstrong had a firearm and provided Armstrong's phone number; and (4) when Armstrong fled the police, they found a fully automatic firearm and two iPhones. The Affidavits did not explain, however, *how* Sergeant Johnson formed her belief that the iPhones contained evidence of the firearm possession. This could have been done through a "training-and-experience" statement or through additional facts—such as "statements that Armstrong had posted photos of himself with a firearm on social media, had sent photos of himself with a firearm to any other person, had used a cell phone to obtain a firearm, had communicated with anyone about firearms using cell phones or the Internet, was a member of any gangs, had engaged in gang-related activity, or had engaged in any kind of coordinated activity with another person relating to firearms" (Doc. No. 54 at 27)—to connect the iPhones to the firearm possession. *See*

*United States v. Woods*, No. 18-cr-0153 (WMW/HB), 2019 WL 337590, *3 (D. Minn. Jan. 28, 2019) (finding probable cause to search the defendant's cell phone because an informant told police that the defendant used his cell phones to sell heroin, and the defendant used code words to discuss firearms and "referred to individuals whose contact information he said was stored in his cell phone" during recorded jail calls). The mere fact that Armstrong possessed the iPhones when he was arrested and was previously convicted of a firearm-related offense is not enough to establish a nexus between the iPhones and the firearm possession.

Additionally, the Court agrees with the Magistrate Judge's conclusion that the search warrants were overbroad. The search warrants failed to limit the search to evidence of a particular crime and did not even mention what crime was allegedly committed. *See United States v. Jackson*, No. 18-cr-211, 2019 WL 13127190, at *10 n.5 (D. Minn. Jan. 4, 2019) (finding that a cell phone warrant lacked particularity because the warrant did not limit the search to evidence of a particular crime but merely stated that the "property or things above-described constitutes evidence which tends to show a crime has been committed").

"Specificity is required in the warrant itself." *United States v. Thomas*, 263 F.3d 805, 808 (8th Cir. 2001) (internal quotation and citation omitted). "However, if the affidavit is incorporated into the warrant, it may cure the particularity defect of the warrant if . . . the warrant uses suitable words of reference to incorporate the affidavit." *Id.* Suitable words of reference include "see affidavit" or "as described in the affidavit." As the R&R concluded, the search warrants did not use suitable words to incorporate the

Affidavits.  *See United States v. Curry*, 911 F.2d 72, 77 (8th Cir. 1990) (rejecting the Government's argument that the search warrant incorporated the affidavit when the warrant merely stated that that application and supporting affidavit were "duly presented and read by the Court").  Significantly, the Government does not appear to dispute this conclusion.

Finally, the Court finds that the *Leon* exception does not apply.  The Government bears the burden of proving this exception.  *See United States v. Riesselman*, 646 F.3d 1072, 1079 (8th Cir. 2011) ("Once the defendant comes forward with specific evidence demonstrating taint, the ultimate burden of persuasion to show the evidence is untainted lies with the government.").  "[I]n assessing whether reliance on a search warrant was objectively reasonable under the totality of the circumstances, it is appropriate to take into account the knowledge that an officer in the searching officer's position would have possessed." *Curry*, 911 F.2d at 78.  In this case, the Government has not provided any evidence of who conducted the search of the iPhones and what information they had at the time.  Thus, the Court cannot assess whether the searching officer's reliance on the warrant was reasonable.  While the Government argues that the Magistrate Judge should have asked more questions during the evidentiary hearing, the burden is on the Government, not the Magistrate Judge, to prove that the good-faith exception applies.[1]  The Government has failed to meet its burden here.

---

[1]   The R&R additionally cites *Riley v. California*, 573 U.S. 373, 396 (2014), for the proposition that "a cell phone search would typically expose to the government far *more* than the most exhaustive search of a house." (emphasis in original).  The Court agrees with the Government that *Riley* is inapposite here, and the case did not factor into the Court's analysis.

## CONCLUSION

The Magistrate Judge correctly concluded that the search warrants lacked probable cause and were overbroad. Moreover, the Government has not demonstrated that the *Leon* good-faith exception applies. Thus, the Government's objection is overruled, and the Court adopts the R&R in its entirety.

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Government's objection (Doc. No. [60]) to Magistrate Elizabeth Cowan Wright's September 2, 2022, Report and Recommendation is **OVERRULED**.

2. Magistrate Judge Elizabeth Cowan Wright's September 2, 2022, Report and Recommendation (Doc. No. [54]) is **ADOPTED**.

3. Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure (Doc. No. [25]) is **GRANTED.**

Dated: November 16, 2022              s/Donovan W. Frank
                                      DONOVAN W. FRANK
                                      United States District Judge