UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-228 (DWF)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) GOVERNMENT'S GENERAL |
| v. | ) MOTIONS IN LIMINE FOR |
| | ) PRETRIAL RULINGS |
| MARQUES DWELL ARMSTRONG, JR., | ) |
| a/k/a "Kease" | ) |
| | ) |
| Defendant. | ) |

The United States of America, by and through its undersigned attorneys, hereby respectfully moves this Court in limine for its Order regarding the following general trial matters.

1. The United States moves for a pretrial ruling allowing the government to elicit testimony regarding the facts and circumstances of the investigation's background and the events that preceded the defendant's arrest as intrinsic evidence necessary to provide context to the jury. The United States addressed the admissibility of this evidence in the Government's Trial Brief, § III.A, at pp. 11-13.

2. The United States moves for a pretrial ruling allowing the government to offer into evidence and publish certain short excerpts from two rap videos depicting the defendant in possession with an apparent firearm with an extended magazine, during which he states that he is in possession of a "gun," a "Glizzy," and a "Glock" with a "switch," and that he was "on the run with a gun." The United States addressed the admissibility of

this evidence in the Government's Trial Brief, § III.B, at pp. 13-18, and in its motion in limine under FRE 404(b).

3. The United States moves for a pretrial ruling allowing the government to offer into evidence and publish certain short squad and BWC excerpts from pursuing and arresting officers. The United States addressed the admissibility of this evidence in the Government's Trial Brief, § III.C, at pp. 18-21.

4. The United States moves for a pretrial ruling allowing ATF Special Agent ("SA") William M. Wethington to be present at counsel table as the case agent throughout the trial under FRE 615 (2) and (3), even though he is expected to testify. *See* FRE 615, Advisory Comm. Notes (providing that case law permits the police officer in charge of the investigation to remain in court even though officer will be a witness). SA Wethington's presence is necessary for the orderly and timely presentation of exhibits and witness testimony. *See United States v. Jones*, 687 F.2d 1265, 1268 (8th Cir. 1982) (noting "customary practice" to allow government to have case agent present during trial). The government respectfully requests all other witnesses be sequestered.

5. The United States moves to preclude the defendant or his counsel, in the presence of the jury, from introducing at trial (through testimony or argument) references to national or local controversies regarding use of force by police officers, or any assertions that excessive force was used in apprehending the defendant in this case, absent a particularized showing that such an argument or line of inquiry is relevant. The United States respectfully requests that parties' counsel discuss any such testimony or argument with the Court at sidebar before it is offered or made. The evidence is irrelevant to the

material issues before the jury: whether the defendant knowingly possessed the charged firearm, and was aware of the physical characteristics that made the firearm a fully automatic machinegun. Given the understandably intense feelings of much of the public about such matters, it should in any event be barred under FRE 403, because any de minimis probative value would be substantially outweighed by a danger of unfair prejudice, confusing the issues, and/or misleading the jury. *See United States v. McVeigh*, 153 F.3d 1166, 1192 (10th Cir. 1998) (providing that "the issue submitted to the jury is whether the accused is guilty or not guilty. The jury is not asked to render judgment about non-parties, nor is it normally asked to render a verdict on the government's investigation.").

6. The United States moves to preclude the defendant or his counsel, in the presence of the jury, from mentioning or referring to the potential punishment the defendant may face if convicted. *See United States v. Fenner*, 600 F.3d 1014, 1023 n.7 (8th Cir. 2010) (stating that "any reference to sentencing [is] improper").

7. The United States moves to preclude the defendant or his counsel, in the presence of the jury, from offering or referring in any way to hearsay statements of the defendant or others.

8. The United States moves to preclude the defendant or his counsel, in the presence of the jury, from introducing evidence, eliciting testimony, or making references to the suppression issues addressed in the Magistrate Judge's Order and Report and Recommendation, ECF No. 54, and this Court's Order Adopting Report and Recommendation, ECF No. 62. Pretrial suppression decisions, once resolved, have no bearing on whether the United States has proven the elements of an offense beyond a

reasonable doubt and should inadmissible for any purpose. *See* FRE 401, 402. This Court has already ruled on the defendant's suppression motion and any reference to the Court's decision would be irrelevant, confusing, and distracting for the jury. *See* FRE 403.

9. The United States moves to preclude the defendant or his counsel, in the presence of the jury, from offering evidence of, or cross-examining a witness regarding, any act committed by the witness pursuant to FRE 404, 608, or 609, in the presence of the jury without first providing a basis for inquiry of the alleged bad act or conviction outside of the presence of the jury, so that counsel for the United States may be heard on the admissibility of such evidence. Likewise, the United States asks the Court to preclude the defendant from offering improper character evidence of any of its witnesses, including law enforcement witnesses, on cross-examination without first providing the United States with an opportunity to be heard on its admissibility.

Dated: <u>February 6, 2023</u>   Respectfully submitted,

ANDREW M. LUGER
UNITED STATES ATTORNEY

/s/ *Benjamin Bejar*
BY: BENJAMIN BEJAR (# 0351131)
ALBANIA CONCEPCION (# 0401536)
Assistant United States Attorneys