UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

v.

Marques Dwell Armstrong, Jr.,
*also known as* Kease,

      Defendant.

Criminal No. 21-228 (DWF/ECW)

**ORDER**

This matter came before the Court for a pretrial hearing on February 9, 2023. Consistent with, and in addition to the Court's rulings and remarks from the bench, and based upon the memoranda, pleadings, and arguments of counsel, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. The United States of America's (the "Government") Motions *in Limine* (Doc. No. [75]) are ruled on as follows:

    a. The Government's motion for a ruling to allow the Government to elicit testimony regarding the facts and circumstances of the investigation's background and the events that preceded the Defendant's arrest as intrinsic evidence necessary to provide context to the jury is **GRANTED**. Over Defendant's objections, the Court finds that this evidence is necessary to establish the context of Defendant's arrest as to minimize the risk that the jury will be confused or misled by the nature of the arrest, particularly in light of local and

national controversy regarding police use of force and issues relating to when an officer should continue to pursue a fleeing citizen or suspect.

  b. The Government's motion for a ruling to allow the Government to offer into evidence and publish certain short excerpts from two rap videos depicting the Defendant in possession with an apparent firearm with an extended magazine, during which he states that he is in possession of a "gun," a "Glizzy," and a "Glock" with a "switch," and that he was "on the run with a gun" is **DENIED** as to the first two video clips and **GRANTED** with respect to the third video clip that contains reference to an ". . . upgraded my glock, He said I got to switch you up. . ."  As to the first two video clips, the Court concludes that the evidence fails a Rule 403 analysis but that the third video clip does survive a Rule 403 analysis.  Moreover, at this time, the Court **DENIES** the request to introduce only the words/lyrics of the first two video clips.

  c. The Government's motion for a ruling to allow the Government to offer into evidence and publish certain short squad and BWC video excerpts from pursuing and arresting officers is **GRANTED**.  This evidence survives the Court's Rule 403 analysis.

  d. The Government's motion for a ruling to allow ATF Special Agent ("SA") William M. Wethington to be present at counsel table as the case agent throughout the trial under Federal Rule of Evidence 615 (2) and (3), even though he is expected to testify, is **GRANTED**.  Importantly, and consistent with the sequestration of witnesses, SA Wethington shall not discuss or inform any witness

what the evidence or testimony has been in the courtroom consistent with the Court's rule regarding the sequestration of witnesses.

      e.      The Government's motion to preclude Defendant or his counsel, in the presence of the jury, from introducing at trial (through testimony or argument) references to national or local controversies regarding use of force by police officers, or any assertions that excessive force was used in apprehending the defendant in this case, absent a particularized showing that such an argument or line of inquiry is relevant, is **GRANTED**. To the extent Defendant believes he has identified a particularized showing of relevance, the Court requires that the parties discuss any such testimony or argument with the Court in a sidebar or a Rule 104 offer of proof before it is offered so that the Court may conduct a Rule 403 analysis as to its admissibility.

      f.      The Government's motion to preclude Defendant or his counsel, in the presence of the jury, from mentioning or referring to the potential punishment the Defendant may face if convicted is **GRANTED**.

      g.      The Government's motion to preclude the Defendant or his counsel, in the presence of the jury, from offering or referring in any way to hearsay statements of the defendant or others is **GRANTED**. In the event Government's counsel or defense counsel believes the door has been opened or for other reasons hearsay statements of Defendant or other witnesses should be admitted, the Court will require a Rule 104 offer of proof outside the presence of the jury.

      h.      The Government's motion to preclude Defendant or his counsel, in the presence of the jury, from introducing evidence, eliciting testimony, or making references to the suppression issues addressed in the Magistrate Judge's Order and Report and Recommendation, Doc. No. 54, and this Court's Order Adopting Report and Recommendation, Doc. No. 62, is **GRANTED**.  In the event Government's counsel or defense counsel believes the door has been opened or for other reasons this evidence should be admitted, the Court will require a Rule 104 offer of proof outside the presence of the jury.

      i.      The Government's motion to preclude Defendant or his counsel, in the presence of the jury, from offering evidence of, or cross-examining a witness regarding, any act committed by the witness pursuant to Federal Rule of Evidence 404, 608, or 609, in the presence of the jury without first providing a basis for inquiry of the alleged bad act or conviction outside of the presence of the jury, so that counsel for the Government may be heard on the admissibility of such evidence is respectfully **DENIED** as premature.  Consistent with the Court's remarks from the bench, the Court will address any concerns on this issue as it comes up by way of a Rule 104 offer of proof outside the presence of the jury.

      j.      The Government's motion for a pretrial ruling granting it permission to use Defendant's prior felony convictions for the limited purpose of impeaching his credibility if he elects to testify in this trial (Doc. No. [76]) is respectfully **DENIED** as premature.  Consistent with the Court's remarks from the bench, the

4

Court will address any concerns on this issue as it comes up by way of a Rule 104 offer of proof outside the presence of the jury.

      k.      The Government's motion under Federal Rule of Evidence 404(b) for an order allowing it to introduce certain admitted-to facts underlying Defendant's prior federal conviction for conspiring to provide firearms to convicted felons during his change of plea hearing on April 14, 2015 (Doc. No. [77]) is **GRANTED**.  The Court would also note consistent with its remarks off the bench that counsel for Government summarized the limited admitted-to facts that will be presented.  This evidence survives the Court's Rule 404(b) analysis consistent with the Court's remarks off the bench as well as its 403 analysis.  The Court notes it will also give an appropriate limiting instruction.

      l.      The Government's motion under Federal Rule of Evidence 404(b) for an order allowing it to introduce certain music video excerpts (Doc. No. [78]) is ruled on consistent with Paragraph 1.b. above.

      m.      The Government's motion for an order precluding inadmissible cross-examination of Special Agent William Wethington of the Bureau of Alcohol, Tobacco, Firearms and Explosives is **GRANTED** insofar as cross-examination about court orders from the Eastern District of Missouri are not permissible.  The sole question for the jury is whether Defendant knowingly possessed a firearm on October 12, 2021; therefore, the Court finds that the contested character evidence does not survive its Rule 403 analysis and is properly denied.  Specifically, the Court declines to distract or mislead the jury by engaging

in a mini-trial on a peripheral or irrelevant matter that Fed. R. Evid. 608(B) was designed to avoid.  *United States v. Alston*, 626 F.3d 397, 404 (8th Cir. 2010).

      n.      The Government's motion to preclude inadmissible cross examination of Forensic Scientist Amber Folsom of the Minnesota Bureau of Criminal Apprehension ("BCA") is **MOOT**, given the statement by defense counsel, that she does not intend cross-examine Ms. Folsom's testimony in an unrelated case.

2.      Defendant's Motion *in Limine* (Doc. No. [73]) is ruled on as follows:

      a.      Defendant's motion to exclude any evidence of "prior bad acts" pursuant to Federal Rule of Evidence 404(b) is **GRANTED IN PART** and **DENIED IN PART** and is ruled on consistent with Paragraph 1.b and 1.j above.

      b.      Defendant's motion to exclude all evidence of his prior convictions should he exercise his right to testify is **DENIED** as premature and this motion is ruled on consistent with Paragraph 1.k above.

      c.      Defendant's motion to exclude evidence provided by a Confidential Informant, or to be allowed to cross-examine the Confidential Information, is **MOOT,** given the Government's statement that they will not be calling or eliciting the statements of the confidential informant.

      d.      Defendant's motion to exclude evidence of Defendant's gang affiliation is **GRANTED**.

      e.      Defendant's motion to require law enforcement to testify in "street clothes" is **DENIED**.

      f.      Defendant's motion to preclude the use of evidence seized from the iPhones is **GRANTED**.

      g.      Defendant's request that witnesses be sequestered and told not to discuss their testimony with each other is **GRANTED**.

      h.      Defendant's request to exclude Government's Exhibit 20 (video showing a Minneapolis officer firing the Glock) is **DENIED**. This evidence survives the Court's Rule 403 analysis.

Dated: February 10, 2023                  s/Donovan W. Frank
                                                DONOVAN W. FRANK
                                                United States District Judge