**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

Criminal No. 21-228 (DWF/ECW)
Civil No. 25-1589 (DWF)

Respondent-Plaintiff,

v.

Marques Dwell Armstrong, Jr,

**MEMORANDUM**
**OPINION AND ORDER**

Petitioner-Defendant.

## INTRODUCTION

This matter is before the Court on Defendant Marques Dwell Armstrong, Jr's *pro se* motions to vacate under 28 U.S.C. § 2255 and motion to appoint counsel.  (Doc. Nos. 174, 178, 179.)  The United States of America (the "Government") opposes the motions.  (Doc. No. 188.)  For the reasons set forth below, the Court respectfully denies the motions.

## BACKGROUND

Armstrong was charged with possession of a machine gun in violation of 18 U.S.C. §§ 922(o)(1) and 924(a)(2) and felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) on October 26, 2021.  (Doc. No. 1.)  During pretrial motion practice, defense counsel moved to suppress evidence obtained as a result of two phones searches.  (Doc. No. 25.)  The Court adopted the Magistrate Judge's Report and Recommendation and granted the motion, suppressing all evidence obtained from the two phone searches.  (Doc. No. 62.)  Following motion practice, a jury trial was held from

February 13, 2023 through February 16, 2023.  (Doc. No. 94, 96, 99, 100.)  After the Government rested, Armstrong's counsel moved for judgment of acquittal, arguing that there was insufficient evidence to support the possession element on either charge.  (Doc. No. 131 at 174-75.)  The Court denied the motion.  (Doc. No. 99.)  On February 16, 2023, the jury found Armstrong guilty on both counts.  (Doc. No. 104.)

After trial, Armstrong's counsel renewed the motion for acquittal, again arguing that the Government had not presented sufficient evidence for a reasonable jury to find that Armstrong possessed the recovered firearm.  (Doc. No. 125.)  The Court denied the motion, explaining that there was sufficient evidence for a reasonable jury to find, beyond a reasonable doubt, that Armstrong possessed a firearm.  (Doc. No. 138.)

On June 5, 2023, the Court sentenced Armstrong to a prison term of 127 months[1] to be followed by a three-year term of supervised release.  (Doc. No. 147.)  Armstrong appealed, challenging the sufficiency of the evidence and the admission of a rap video under Rule 404(b).  (*See* Doc. Nos. 150, 171.)  The Eighth Circuit affirmed on May 2, 2024.  (Doc. No. 171.)  Armstrong is currently being held at the Sherburne County Jail while he awaits trial in another case.  (Crim. No. 24-293, Doc. No. 368; *Welcome to the Sherburne County Inmate Search*, Sherburne Cnty. Sheriff, https://inmatelocatorext.co.sherburne.mn.us/inmatelocator (last visited Mar. 5, 2026).)

---

[1]     The Court sentenced Armstrong to 120 months on each count, to run concurrent with each other.  Simultaneously, the Court sentenced Armstrong to seven months on his supervised release violation in Case No. 14-cr-364, to run consecutive to his sentence in this case.  This resulted in a total prison term of 127 months.

His anticipated release date from the Bureau of Prisons is February 3, 2032. *Find an Inmate.*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Mar. 5, 2026).

Armstrong moves to vacate his sentence under 28 U.S.C. § 2255 based on ineffective assistance of counsel, a Rule 404(b) violation, newly discovered evidence and police bias, insufficient evidence, and multiplicitous charges. (Doc. Nos. 174, 178.)

**DISCUSSION**

A federal prisoner may move to vacate, set aside, or correct their sentence on grounds that "the sentence was imposed in violation of the Constitution or laws of the United States," "the court was without jurisdiction to impose such sentence," "the sentence was in excess of the maximum authorized by law," or their sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). If the court finds such a defect in sentencing, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

A § 2255 request for relief "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). A defendant may not use a § 2255 petition to relitigate issues that were raised and decided on a direct appeal unless there was an intervening change in the law or newly discovered evidence. *English v. United States*, 998 F.2d 609, 613 (8th Cir. 1993). Additionally, a defendant may not raise issues that could have been

3

raised on direct appeal unless they can show cause and actual prejudice, or that they are actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998).

## I.    Ineffective Assistance of Counsel

To establish an ineffective assistance of counsel claim, the defendant must show: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defendant's case. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (applying the *Strickland* standard to an ineffective assistance of counsel claim under § 2255). Courts may address the prongs in any order and need not address both prongs if the defendant fails to meet their burden on one. *Strickland*, 466 U.S. at 697.

On the first prong, courts "consider counsel's performance objectively and gauge whether it was reasonable 'under prevailing professional norms' and 'considering all the circumstances.'" *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000) (quoting *Strickland*, 466 U.S. at 688). Courts must be "highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. On the second prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Armstrong alleges that his counsel was deficient for failing to raise violations of the Fourth Amendment and argue actual innocence and miscarriage of justice. (Doc. No. 174 at 1.) These accusations of deficiency are clearly contradicted by the record.

Prior to trial, Armstrong's counsel successfully litigated a motion to suppress evidence seized as the result of two phone searches. (*See* Doc. No. 62.) He does not point to any other Fourth Amendment violations. Armstrong's counsel also moved for judgment of acquittal twice—once after the Government concluded its case in chief, and once after the jury rendered its verdict. (Doc. Nos. 99, 113.) His counsel also appealed the Court's rulings on those motions, again arguing sufficiency of the evidence. (*See* Doc. No. 171.) Armstrong has not included any other details related to his "actual innocence" and "miscarriage of justice" claims. In sum, Armstrong has not shown that his counsel was deficient because the record contradicts his claims.

## II.    Newly Discovered Evidence

Newly discovered evidence can be grounds to vacate a sentence if the defendant shows that: (1) the evidence was discovered after the trial; (2) the failure to discover the evidence earlier cannot be attributed to lack of diligence by the defendant; (3) the evidence is not "merely cumulative or impeaching"; (4) the evidence is material; and (5) the evidence is likely to produce an acquittal if a new trial is granted. *English*, 998 F.2d at 611. If the newly discovered evidence involves a claim of perjury by prosecution witnesses, a relaxed standard applies. *Id.* In that case, the defendant only needs to prove "any reasonable likelihood that the false testimony could have affected the judgment of the jury." *Id.* (quoting *Lindhorst v. United States*, 658 F.2d 598, 602 (8th Cir. 1981)). To apply this standard, the defendant must first demonstrate that the testimony was in fact perjured. *Id.*

The newly discovered evidence Armstrong points to is "massive police misconduct" during the investigation and pretrial proceedings. (Doc. No. 179 at 1.) Specifically, he alleges that (1) Lieutenant Jeffrey Waite, the only officer who could place Armstrong in the same vicinity as the recovered firearm, lied under oath regarding the Minneapolis Police Department's ("MPD") body-worn camera policy, and (2) another officer threatened to blow up his home. (Doc. No. 178 at 8.) Armstrong asserts that he did not have MPD's body-worn camera policy at trial and did not find out about the threats against him until after trial. (*Id.* at 9; Doc. No. 179 at 1.) To show the alleged perjury, Armstrong relies on Waite's cross examination at trial and a CNN article about MPD policy. (Doc. No. 192-1 at 2, 4-7.)

The relaxed perjury standard applies to his first claim. However, Armstrong has not shown that Waite's testimony was in fact perjured. Waite testified that he was working in an undercover capacity at the time of Armstrong's arrest, surveilling from a distance in an unmarked car and not wearing clothing with police insignia. (Doc. No. 130 at 135-36.) Following Armstrong's arrest, Waite exited his vehicle and joined the other officers to look for the firearm, at which point he put on his police vest and turned on his body-worn camera. (*Id.* at 156.) Waite testified that while working as an undercover officer he was not required to wear a body-worn camera. (*Id.*) Armstrong has not shown evidence that Waite lied about MPD policy for undercover officers. The CNN article does not discuss MPD's policy for undercover officers. Therefore, he has not shown that Waite's testimony was in fact perjured.

6

The stricter standard applies to Armstrong's second claim.  While this statement, if true, is serious and troubling, Armstrong has not carried his burden.  Armstrong has not shown why this evidence could not have been discovered earlier.  Presumably, all body-worn camera video was produced during discovery, but Armstrong has given no explanation about when or how he acquired this footage and whether it differs from the footage that was available to him prior to trial.  Additionally, he did not advance any arguments that such evidence would be more than merely cumulative or impeaching or that the evidence would likely produce an acquittal if a new trial were granted.  The evidence presented at trial was more than sufficient.  This statement may impeach the character of that officer, but several other officers were involved in Armstrong's arrest and the other officers were the ones who discovered the firearm at issue in the case.  Moreover, the Court reviewed the body-worn camera video that was presented at trial and no such statement can be heard.  In conclusion, Armstrong has not met his burden for newly discovered evidence.

## III.    Other Grounds

To the extent that Armstrong's claim of actual innocence is distinct from his other claims, he has failed to carry his burden.  Armstrong only reraises arguments made during trial and on appeal related to the sufficiency of the evidence.  (*See* Doc. No. 192 at 5-7.) The Court has repeatedly said that there was sufficient evidence to support a conviction, and that conclusion was affirmed by the Eighth Circuit.  (*See* Doc. No. 171.)  A defendant cannot show actual innocence where the evidence is sufficient to support a conviction. *Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002).

All other grounds raised by Armstrong are procedurally barred. The sufficiency of the evidence and the Court's admission of the rap video under Rule 404(b) were raised on direct appeal. He has not shown an intervening change in the law or newly discovered evidence on these grounds. Additionally, he could have raised the multiplicity issue on direct appeal. He has not demonstrated cause or actual prejudice. The claim is also meritless because the charges are not multiplicitous as they involve two distinct statutory provisions and each requires proof of a fact which the other does not. *See United States v. Bernhardt*, 903 F.3d 818, 825 (8th Cir. 2018). To the extent that Armstrong's conclusory statements about the Government misleading the jury, biased officers, miscarriage of justice, and prosecutorial misconduct could be considered separate grounds for relief, these claims also could have been raised on direct appeal. Again, Armstrong has not shown cause or actual prejudice, so these claims are procedurally barred.

In conclusion, Armstrong has not shown any grounds to vacate his sentence under § 2255. Accordingly, the Court denies his § 2255 motion and denies his motion to appoint counsel as moot.

## EVIDENTIARY HEARING

A § 2255 motion can be dismissed without a hearing when: (1) the defendant's allegations, if accepted as true, would not entitle them to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998). Applying that standard to Armstrong's allegations and

8

the record before the Court, the Court concludes that no evidentiary hearing is required in this case. Most of Armstrong's allegations are conclusory or contradicted by the record. All other allegations, even if accepted as true, do not entitle him to relief.

### CERTIFICATE OF APPEALABILITY

A defendant cannot appeal a final order denying a motion under § 2255 without a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). A court cannot grant a COA unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing requires showing that an issue is "debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Here, no issue raised is debatable among reasonable jurists. Therefore, no COA shall be issued.

### ORDER

Based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Defendant Marques Dwell Armstrong, Jr's *pro se* motions to vacate under 28 U.S.C. § 2255 (Doc. Nos. [174], [178]) are **DENIED**.

2. Defendant Marques Dwell Armstrong, Jr's motion to appoint counsel. (Doc. No. [179]) is **DENIED AS MOOT**.

3. No evidentiary hearing is required in this matter.

4.      No Certificate of Appealability will be issued to Petitioner-Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  March 5, 2026              s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   United States District Judge